IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Edward P. Holder, Jr., as Personal Representative of the Estate of Mary C. Holder, Deceased, | )<br>)<br>)<br>) |
| Plaintiff, | ) C.A. No. 6:05-2141-HMH |
| vs. | )<br>) |
| | ) **OPINION & ORDER** |
| American Retirement Corporation d/b/a Homewood Residence at Cleveland Park, and ARC Management Corporation, | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

This matter is before the court on American Retirement Corporation and ARC Management Corporation's (collectively "ARC") motion to dismiss the second, third, and fourth causes of action in Edward P. Holder, Jr.'s, ("Plaintiff"), as Personal Representative of the Estate of Mary C. Holder ("Holder"), complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted. After review, the court grants the motion to dismiss in part and denies the motion in part.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Prior to her death, Holder was a resident at ARC's community residential care facility known as Homewood Residence at Cleveland Park ("Homewood"). (Compl. ¶ 10.) According to the Plaintiff, Holder executed a contract with ARC in November 2001 to reside in the assisted living section of Homewood. (Id.) Holder resided there until January 2004, when she moved into the Alzheimer's care unit known as "The Arbors." (Id. ¶ 11.) Holder

1

resided in The Arbors until July 10, 2004. (Id.)

The Plaintiff alleges that Holder suffered injuries and mistreatment while in the care of ARC. In May 2004, Holder suffered multiple rib fractures. (Id. ¶ 19.) In July 2004, she suffered extensive bruising to her arms and legs and became severely malnourished and dehydrated. (Compl. ¶ 21.) In addition, the Plaintiff alleges that ARC failed to give Holder her medications and refused to transport her to the hospital. (Id.) Ultimately, she was transported to the hospital, where she was diagnosed with a sexually transmitted disease, acute renal failure, hypernutremia, candidiases, urosepsis, acidosis, and adult physical abuse. (Id. ¶ 23.) Holder was ultimately discharged on July 26, 2004, to a skilled nursing facility. Holder's condition deteriorated, and she died on August 21, 2004. (Id. ¶ 24.)

On July 28, 2005, the Plaintiff filed the instant wrongful death and survival action, pursuant to South Carolina Code of Laws Section 15-51-10 and South Carolina Code of Laws Section 15-5-90, asserting claims for negligence, breach of contract, breach of contract accompanied by fraudulent acts, assault and battery, invasion of privacy, and breach of the duty to maintain patient confidences. The Plaintiff seeks actual and punitive damages. ARC filed a motion to dismiss the Plaintiff's claims for breach of contract, assault and battery, invasion of privacy, and breach of confidences. The Plaintiff responded on September 27, 2005.

## II.  DISCUSSION OF THE LAW

ARC moves to dismiss the second, third, and fourth causes of action in the complaint, arguing that the Plaintiff has failed to state a claim for which relief can be granted. See Fed. R. Civ. P. 12(b)(6). In federal court, a Plaintiff must make only "a short and plain statement

of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Dismissal of a complaint for failure to state a claim is proper "only if it can be said that on the claim as pleaded the claimant can prove no set of facts that would entitle [him] to relief." Labram v. Havel, 43 F.3d 918, 920 (4th Cir. 1995).  Furthermore, the court must treat the factual allegations of the nonmoving party as true.  See Estate Constr. Co. v. Miller & Smith Holding Co., 14 F.3d 213, 217-18 (4th Cir. 1994).

### A. Breach of Contract and Breach of Contract Accompanied by Fraudulent Acts Claims

First, ARC moves to dismiss the Plaintiff's breach of contract claims.  The Plaintiff alleges that ARC breached its contract with Holder in the following respects

> by failing to provide [sic] her with adequate nutrition and hydration, in causing her to be traumatically bruised on all four (4) extremities, or in allowing same to occur while in [ARC's] exclusive care and in failing to investigate or report same as required by law and by the parties' contract; in failing to protect Ms. Holder from sexual abuse and the contracting of a sexually transmitted disease, or in directly causing same; in failing to closely observe and monitor Ms. Holder's condition and assist her in responding to her healthcare needs, and allowing her condition to deteriorate to the point of falling in and out of a coma and in failing to adequately address this life threatening condition, and in failing to seek medical care and attention for her urinary tract infections and in failing to adequately investigate, document, and report the unexplained rib fractures sustained by Holder while in the Alzheimer's Unit of [ARC's] facility.

(Compl. ¶ 42.)  The Plaintiff seeks damages for Holder's pain and suffering, medical and funeral expenses, and for the Plaintiff's pain and suffering as a result of Holder's wrongful death.  ARC alleges that "the Plaintiff's complaint fails to state a claim against ARC for breach of contract because there was no agreement to furnish particular care for Mrs. Holder." (Defs' Mem. Supp. Mot. Dismiss 4.)  However, the Plaintiff submits that in order to recover for breach of contract he "must prove the existence of a warranty of a specific result or

3

assurance in order to prevail on a contract claim for personal or bodily injury." (Pl.'s Mem. Opp'n Defs.' Mot. Dismiss 1.)

There is no South Carolina case law regarding a breach of contract claim to effect a particular result involving an assisted living facility. However, in Burns v. Wannamaker, the South Carolina Court of Appeals held that "a patient may recover for breach of an express pre-treatment warranty to effect a particular result despite the absence of a separate consideration[.] [However,] . . . the patient must prove the existence of the alleged warranty by clear and convincing evidence." 315 S.E.2d 179, 181 (S.C. Ct. App. 1984), aff'd as modified by, 343 S.E.2d 27 (S.C.1986). Burns involved a dentist who had given a patient a pre-treatment warranty concerning the manufacture and fit of dentures. Id. at 180.

In Holy Loch Distributors, Inc. v. R. L. Hitchcock, the Supreme Court of South Carolina held that no cause of action for legal malpractice based on breach of an express warranty to effect a particular result exists under South Carolina law. 531 S.E.2d 282, 286 (S.C. 2000). The court noted that "[i]n South Carolina, the cases that have recognized an express warranty to obtain a specific result involving a professional are those where a product or some other tangible item is involved, such as dentures and architectural plans or specifications." Id.; see also Banks v. Medical Univ. of South Carolina, 444 S.E.2d 519, 521 (S.C. 1994) (declining to recognize a cause of action for the breach of an implied contract arising from a failure to provide adequate medical treatment, but noting that a cause of action exists for the breach of an express pretreatment warranty to effect a particular result).

In addition, in Flinn v. Crittenden, the South Carolina Court of Appeals noted that "[a] nursing home is not liable for injury caused by an untoward event unless it has breached a

4

contractual agreement to furnish special care beyond that usually furnished which relates to the injury giving rise to the cause sued on." 339 S.E.2d 138, 139 (S.C. Ct. App. 1985) (internal quotation marks omitted).

In the case at bar, no product or tangible item is involved. The contract at issue was a contract to provide services, not a product. (Compl. ¶¶ 10, 39.) Further, the Plaintiff's complaint does not allege that ARC agreed to "furnish special care beyond that usually furnished which relates to the injury giving rise to" this case. Id. In the complaint, the Plaintiff alleges that as part of the contract, ARC

> promised to provide adequate and appropriate care and treatment, courteous treatment in handling and address, adequate, nutritious, and attractively served meals, to regularly monitor and observe Ms. Holder's condition, to help her and respond to her health care needs through its staff of nurses, registered nurses, caregivers, and associates. [ARC] further promised to provide a reasonably safe and secure living environment for Ms. Holder, to provide trained staff and nurses to respond to her healthcare needs, and to notify her doctors and family if her condition warranted same.

(Id. ¶ 39.) In addition, the complaint references "promises" from ARC's advertising materials and the Resident's Bill of Rights made to Holder and to the Plaintiff. (Id. ¶¶ 12-17.)

ARC alleges that the Plaintiff's breach of contract claim is based solely on language "from advertising materials, the Resident's Bill of Rights and residency agreement applicable to all residents of the facility." (Defs.' Mem. Supp. Mot. Dismiss 6.) The Plaintiff does not disagree with ARC's allegations, but submits that dismissal at this stage without the benefit of discovery would be premature because "Plaintiff intends to offer evidence of [ARC's] assurances to [p]laintiff while Mrs. Holder was a resident there and before some of the events, which give rise to the claims sounding in both negligence and contract." (Pl.'s Mem. Opp'n

5

Defs.' Mot. Dismiss 1-2.) Regardless, the Plaintiff fails to allege that a particular result was specifically and exclusively promised to Holder. None of the promises or assurances cited by the Plaintiff in the complaint were specifically directed to Holder. Instead, the promises were made to all residents of ARC. Based on the foregoing, the court grants ARC's motion to dismiss the Plaintiff's breach of contract claim because the Plaintiff fails to state a claim for which relief may be granted. Because the Plaintiff fails to state a claim for breach of contract, the Plaintiff's claim for breach of contract accompanied by fraudulent acts also fails.[1] See RoTec Servs., Inc. v. Encompass Servs. Inc., 597 S.E.2d 881, 883 (S.C. Ct. App. 2004) (stating that the three elements of a claim for breach of contract accompanied by a fraudulent act are "(1) a breach of contract; (2) fraudulent intent relating to the breaching of the contract and not merely to its making; and (3) a fraudulent act accompanying the breach" (internal quotation marks omitted)).

### B.  Assault and Battery Claim

Second, ARC alleges that the Plaintiff's assault and battery claim must be dismissed because the Plaintiff fails to allege in the complaint that the assault and battery was committed by an agent or employee of ARC acting within the scope of employment of the agent or employee. The Plaintiff agrees that the complaint fails to "allege that the assault and battery were within the scope of employment of the involved employees," and the Plaintiff seeks leave to amend the assault and battery claim. (Pl.'s Mem. Opp'n Mot. Dismiss 3.) Given the early

---

[1] The court declines to address ARC's remaining arguments for dismissal of the Plaintiff's breach of contract and breach of contract accompanied by fraudulent acts claims.

stage of this litigation, the court denies ARC's motion to dismiss the Plaintiff's assault and battery claim and grants the Plaintiff leave to amend his complaint to allege that the assault and battery were within the scope of employment of ARC's agents or employees.

### C.  Invasion of Privacy Claim

Third, ARC alleges that the Plaintiff's invasion of privacy claim must fail because this claim does not survive the death of Holder.  Under South Carolina's survival statute, only causes of action for libel, malicious prosecution, fraud, and deceit do not survive the death of a person.  S.C. Code Ann. § 15-5-90 (Law Co-op. 2005); Belcher v. South Carolina Bd. of Corr., 460 F. Supp. 805, 808 (D.S.C. 1978); Schneider v. Allstate Ins. Co., 487 F. Supp. 239, 245 (D.S.C. 1980) (noting that there are "three exceptions to survivability under the Survival Statute, namely, malicious prosecution, slander, and fraud and deceit.  In the more than eighty-five years that the Survival Statute has been in existence, no other exceptions have been created.  Thus, it may be inferred . . . that these are the exclusive exceptions under" South Carolina law. (internal citations omitted).)  A cause of action for invasion of privacy is not one of the exclusive exceptions to survivability under the Survival Statute.  As such, it is a viable claim, and ARC's motion to dismiss the invasion of privacy claim on this basis is denied.

In addition, ARC moves to dismiss the invasion of privacy claim because the Plaintiff fails to plead all of the elements of invasion of privacy based on the publication of "one's private affairs."  Swinton Creek Nursery v. Edisto Farm Credit, 514 S.E.2d 126, 130 (S.C. 1999).  "The elements of this tort include (1) publicizing, (2) absent any waiver or privilege, (3) private matters in which the public has no legitimate concern, (4) so as to bring shame or

7

humiliation to a person of ordinary sensibilities." Id. at 131. ARC alleges that the Plaintiff has failed to allege publicity. The Plaintiff alleged in the complaint that ARC "did disclose, divulge and disseminate confidential medical information without the consent, either express or implied from Ms. Holder or her attorney-in-fact." (Compl. ¶ 57.) The Plaintiff requests leave to amend his complaint to allege publicity as a result of the dissemination of private matters. After consideration, the court denies ARC's motion to dismiss the invasion of privacy claim for failure to plead publicity and grants the Plaintiff leave to amend his complaint to allege publicity.

## D. Breach of Confidences Claims

Finally, ARC moves to dismiss the Plaintiff's breach of the duty to maintain a patient's confidences claim. The Plaintiff concedes that South Carolina has not yet recognized a cause of action for breach of a patient's confidences. (Pl.'s Mem. Opp'n Defs.' Mot. Dismiss 4.) However, the Plaintiff alleges that he believes South Carolina would recognize this cause of action. The Plaintiff fails to cite any authority to support the argument that South Carolina would recognize a civil cause of action for breach of a patient's confidences. Based on the foregoing, the court grants ARC's motion to dismiss this claim.[2]

---

[2] Because the court finds that the breach of confidences claim is not a viable claim under South Carolina law, the court declines to address the merits of ARC's argument that the Resident's Bill of Rights does not provide the basis for a private cause of action. However, although the Plaintiff alleges in his complaint that the Resident's Bill of Rights set forth in S.C. Code Ann. § 44-81-10 et seq. supports the invasion of privacy and breach of confidences claims, the Plaintiff now asserts that the Resident's Bill of Rights does not support a private cause of action. Accordingly, the Plaintiff requests leave to amend the complaint to delete references to the Resident's Bill of Right, and the court grants the Plaintiff's request.

It is therefore

**ORDERED** that ARC's motion to dismiss, document no. 8, is granted in part and denied in part. It is further

**ORDERED** that the Plaintiff is granted leave to amend his complaint as noted above.

**IT IS SO ORDERED**.

                                          s/Henry M. Herlong, Jr.
                                          United States District Judge

Greenville, South Carolina
October 18, 2005