IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Edward P. Holder, Jr., as Personal Representative of the Estate of Mary C. Holder, Deceased, <br><br> Plaintiff, <br><br> vs. <br><br> American Retirement Corporation d/b/a Homewood Residence at Cleveland Park, and ARC Management Corporation, <br><br> Defendants. | C.A. No. 6:05-2141-HMH <br><br> **OPINION & ORDER** |

This matter is before the court on Edward P. Holder, Jr.'s, ("Plaintiff"), as Personal Representative of the Estate of Mary C. Holder ("Holder"), motion to compel pursuant to Rule 37 of the Federal Rules of Civil Procedure. For the reasons set forth below, the court grants in part and denies in part the Plaintiff's motion to compel.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Prior to her death, Holder was a resident at American Retirement Corporation and ARC Management Corporation's (collectively "ARC") community residential care facility known as Homewood Residence at Cleveland Park ("Homewood"). (Compl. ¶ 10.) According to the Plaintiff, Holder executed a contract with ARC in November 2001 to reside in the assisted living section of Homewood. (Id.) Holder resided there until January 2004, when she moved into the Alzheimer's care unit known as "The Arbors." (Id. ¶ 11.) Holder resided in The Arbors until July 10, 2004. (Id.)

1

The Plaintiff alleges that Holder suffered injuries and mistreatment while in the care of ARC. In May 2004, Holder suffered multiple rib fractures. (Id. ¶ 19.) In July 2004, she suffered extensive bruising to her arms and legs and became severely malnourished and dehydrated. (Compl. ¶ 21.) In addition, the Plaintiff alleges that ARC failed to give Holder her medications and refused to transport her to the hospital. (Id.) Ultimately, she was transported to the hospital, where she was diagnosed with a sexually transmitted disease, acute renal failure, hypernutremia, candidiases, urosepsis, acidosis, and adult physical abuse. (Id. ¶ 23.) Holder was ultimately discharged on July 26, 2004, to a skilled nursing facility. Holder's condition deteriorated, and she died on August 21, 2004. (Id. ¶ 24.)

## II. Discussion of the Law

The Plaintiff moves to compel ARC to fully answer interrogatory 9.[1] Interrogatory 9 requests that:

> For each resident of Defendant's facility known as the Arbors in Greenville, South Carolina, during any portion of the time period January 1, 2001 through July 11, 2004 identify:
> a) The name of the resident;
> b) The dates of resident [sic] at Defendant's Arbors facility;
> c) The resident's family members names, addresses and telephone numbers.

(Defs.' Mem. Opp'n Mot. Compel 2.) The Plaintiff alleges that this information is relevant because the residents and family members may have information regarding Holder's alleged abuse and inadequate medical treatment at ARC's facility. Further, the Plaintiff submits that other residents and their families may have had or are aware of similar problems at ARC's facility. (Pl.'s Mot. Compel 1-2.)

---

[1]In the motion, the Plaintiff reserves the right to file a future motion to compel the production of documents sought in request for production number 12.

2

ARC alleges that this information is not relevant, and the Plaintiff is merely engaging in a fishing expedition.  Further, ARC argues that the Plaintiff has been provided copies of the "investigative files" from investigations into this matter by independent agencies, and "presumably, if anyone else saw or heard something about Ms. Holder those persons would have been identified by these professionals during the course of their investigations."  (Defs.' Mem. Opp'n Mot. Compel 4).  Moreover, ARC alleges that disclosure of this information would harm its business and "contravenes the protections afforded to individuals by" the Health Insurance Portability and Accountability Act of 1996 ("HIPAA").  (Id. 5.)  Alternatively, ARC alleges that interrogatory 9 is overly broad because it seeks information from January 1, 2001, to July 11, 2004.  However, Holder was only a resident at the Arbors from January 5, 2004, to July 10, 2004.  (Id. 6.)

After review, the court grants the Plaintiff's motion to compel, but limits the time frame for which ARC is ordered to respond.  The court will allow the discovery of this information for the time period in which Holder was a resident at the Arbors and for the six months prior to her residence at the Arbors.

It is therefore

**ORDERED** that the Plaintiff's motion to compel, docket number 29, is granted in part and denied in part.

**IT IS SO ORDERED**.

                                          s/Henry M. Herlong, Jr.
                                          United States District Judge

Greenville, South Carolina
April 19, 2006