IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Edward P. Holder, Jr., as Personal Representative of the Estate of Mary C. Holder, Deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 6:05-2141-HMH |
| vs. | ) ) ) | **OPINION & ORDER** |
| American Retirement Corporation d/b/a Homewood Residence at Cleveland Park, ARC Management LLC, and ARC Cleveland Park, LLC, | ) ) ) ) ) | |
| Defendants. | ) | |

This matter is before the court on American Retirement Corporation, ARC Management LLC, and ARC Cleveland Park, LLC's (collectively "ARC") motion for partial summary judgment on the first, second, and third causes of action in Edward P. Holder, Jr.'s ("Plaintiff"), as Personal Representative of the Estate of Mary C. Holder ("Holder"), complaint pursuant to Rule 56 of the Federal Rules of Civil Procedure. After review, the court grants the motion in part and denies the motion in part.

I. FACTUAL AND PROCEDURAL BACKGROUND

Prior to her death, Holder was a resident at ARC's community residential care facility known as Homewood Residence at Cleveland Park ("Homewood"). (Am. Compl. ¶ 10.) Holder executed a contract with ARC in November 2001 to reside in the assisted living section of Homewood. (Id. ¶ 11.) Holder resided there until January 2004, when she moved into the Alzheimer's care unit known as "The Arbors." (Id. ¶ 12.) Holder resided in The Arbors until

1

July 10, 2004. (Id.)

The Plaintiff alleges that Holder suffered injuries and mistreatment while in the care of ARC. In May 2004, Holder suffered multiple rib fractures. (Id. ¶ 20.) In July 2004, she suffered extensive bruising to her arms and legs and became severely malnourished and dehydrated. (Am. Compl. ¶ 22.) Holder was transported to the hospital, where she was diagnosed with trichomonas, acute renal failure, hypernutremia, candidiases, urosepsis, acidosis, and adult physical abuse. (Id. ¶ 24.) Holder was ultimately discharged on July 26, 2004, to a skilled nursing facility. Holder's condition deteriorated, and she died on August 21, 2004. (Id. ¶ 25-26.)

On July 28, 2005, the Plaintiff filed the instant wrongful death and survival action, pursuant to South Carolina Code of Laws section 15-51-10 and South Carolina Code of Laws section 15-5-90, asserting claims for negligence, breach of contract, breach of contract accompanied by fraudulent acts, assault and battery, invasion of privacy, and breach of the duty to maintain patient confidences. The Plaintiff seeks actual and punitive damages. ARC filed a motion to dismiss the Plaintiff's claims for breach of contract, assault and battery, invasion of privacy, and breach of confidences. The court dismissed the Plaintiff's claims for breach of contract, breach of contract accompanied by fraudulent acts, and breach of confidences. ARC now moves for summary judgment on the Plaintiff's assault and battery and invasion of privacy claims and for partial summary judgment on the Plaintiff's negligence claim. The Plaintiff consents to dismissal of the assault and battery and invasion of privacy claims. Hence, the court will only address ARC's motion for partial summary judgment on the negligence claim.

**II. DISCUSSION OF THE LAW**

**A. Summary Judgment Standard**

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in the non-movant's favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

**B. The Plaintiff's Negligence Claim**

ARC contends that there is no evidence that it was "negligent in causing or allowing Holder to be physically or sexually abused." (Defs.' Mem. Supp. Summ. J. 8.) The Plaintiff concedes that it cannot establish that Ms. Holder was sexually abused. Therefore, the court will only address the Plaintiff's negligence claim arising from the alleged physical abuse (hereinafter "physical abuse negligence claim"). "To state a cause of action for negligence the plaintiff must allege facts which demonstrate the concurrence of three elements: (1) a duty of care owed by the defendant; (2) a breach of that duty by negligent act or omission; and (3) damage proximately

3

caused by the breach." Kleckley v. Northwestern Nat'l Cas. Co., 526 S.E.2d 218, 221 (S.C. 2000).

The court finds that there are genuine issues of material fact sufficient to allow the Plaintiff's physical abuse negligence claim. Holder was a resident in ARC's Homewood facility from November 2001 until her admission to the hospital on July 10, 2004. During that time, Holder was entrusted to ARC's care. On July 10, 2004, Holder was admitted to Greenville Hospital System ("GHS"). Upon admission, Dr. Karin Jenkins ("Dr. Jenkins") noted that she was concerned about Ms. Holder's bruises and suspected elder abuse. (Pl.'s Mem. Opp'n Summ. J. Ex. A (Dr. Jenkins Dep. at 131).) Dr. Jenkins noted that "[d]ue to previous records of broken wrists and ribs in addition to these bruises, I was very concerned about elder abuse . . . ." (Id. Ex. A (Dr. Jenkins Dep. at 131).) Holder was extremely dehydrated and suffered from urosepsis, a severe urinary tract infection. Further, adult physical abuse was listed as a secondary diagnosis. (Id. Ex. B. (Chart Record).)

ARC contends that Holder was combative and that her falls or combative behavior caused her bruising. (Defs.' Mem. Supp. Summ. J. 9.) As the Plaintiff notes, even if Holder was combative, ARC was responsible for reporting Holder's bruising and falls. There is evidence that ARC did not report Holder's bruises or falls as required by South Carolina regulation 61-84, sections 601 A & B. (Pl.'s Mem. Opp'n. Summ. J. Ex. M (Regulations); Ex. O (Debra McCartha ("McCartha") Dep. at 75, Rhonda Pursifull ("Pursifull") Dep. at 34, 35); Ex. P (Pursifull Dep. at 31, 35).) ARC has not produced any copies of incident reports noting Holder's bruising. (Id. Ex. U (Defs.' Ans. Req. For Prod. #6).) In addition, there is evidence that ARC's procedures required it to investigate causes of aggression such as a urinary tract infection or dehydration.

(Id. Ex. F (ARC Standard R1.08 Aggressive Behavior).)

Further, based on a urinalysis after her admission to the hospital on July 10, 2004, Holder was diagnosed with trichomonas, a disease which is commonly transmitted sexually. (Defs.' Mem. Supp. Summ. J. Ex. 4 (Dr. Jenkins Dep. Ex. 6 Lab Results).) The Plaintiff concedes that he cannot prove that Holder was sexually assaulted, but argues that one species of trichomonas resides in the bowel and can be contracted as a result of poor hygiene. The Plaintiff submits that Holder's trichomonas diagnosis is relevant to his physical abuse negligence claim because in July 2004, one of Holder's private sitters discovered feces on the floor and in the bathroom of Holder's room, and when she reported it to ARC, she learned that the feces had been present there for a week. (Pl.'s Mem. Opp'n. Summ. J. Ex. W (Linda Williams ("Williams") Dep. at. 43, 44).)[1]

Based on the foregoing, the court finds that there are material facts in dispute concerning whether ARC caused or allowed Holder to be physically abused, which resulted in Holder's bruising and medical conditions requiring Holder's hospitalization on July 10, 2004. The court denies ARC's motion for summary judgment on the Plaintiff's physical abuse negligence claim. However, the court grants ARC's motion for summary judgment on the Plaintiff's assault and battery and invasion of privacy claims. Further, the court grants ARC's motion for summary judgment on the Plaintiff's negligence claim based upon sexual assault.

---

[1] ARC has produced no evidence that Ms. Holder's private sitters physically abused Ms. Holder. (Id. Ex. D (Defs.' Resp. Req. For Prod. 22).)

It is therefore

**ORDERED** that ARC's motion for partial summary judgment, docket number 46, is granted in part and denied in part.

**IT IS SO ORDERED**.

                                          s/Henry M. Herlong, Jr.
                                          United States District Judge

Greenville, South Carolina
December 14, 2006